IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver,<br><br>        Plaintiff,<br><br>    v.<br><br>RESOURCE REAL ESTATE SERVICES, LLC, a Maryland limited liability company; RESOURCE TITLE, LLC, a Maryland limited liability company,<br><br>        Defendants. | 2:11-cv-03013-GEB-KJN<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND CONTINUING STATUS CONFERENCE |

        In connection with Status (Pretrial Scheduling) Conference scheduled for hearing on March 12, 2012, the Court examined Plaintiff's Complaint. Although Plaintiff alleges in the Complaint that "[t]he Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it involves citizens of different states and the amount in controversy exceeds $75,000[,]" Plaintiff has not alleged sufficient facts to establish diversity of citizenship jurisdiction. (Compl. ¶ 6.)

        A "plaintiff has the burden of pleading the existence of the court's jurisdiction and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Chem. Leaman Tank Lines, Inc. v. Aetna Cas.

1

1 | and Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999)(internal citation
2 | and citation omitted).

> In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. For example, an unincorporated association such as a partnership has the citizenship of all of its members. By contrast, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated.

Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(internal citation and citation omitted). "For purposes of diversity jurisdiction, . . . a limited liability corporation is a citizen of all of the states of which its owners/members are citizens." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011)(citation omitted). "[T]he citizenship of all members of limited liability corporations and limited partnership defendants ha[s] to be alleged." Id.

The court raises the issue of subject matter jurisdiction *sua sponte*, since "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiff names Resource Real Estate Services, LLC, and Resource Title, LLC, as Defendants. (Compl. ¶¶ 2-3.) Plaintiff alleges both entities are limited liability companies, but does not allege the citizenship of their members. Therefore, Plaintiff has failed to sufficiently allege the citizenship of the Defendants. Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction.

        Plaintiff is granted fourteen (14) days from the date on which this Order is filed to file an amended pleading addressing the deficiencies set forth in this Order. If Plaintiff fails to file an amended complaint within the prescribed time period, the Clerk of Court will be directed to close this action.

        Further, the Status (Pretrial Scheduling) Conference is continued to April 23, 2012, at 9:00 a.m. A joint status report shall be filed no later than fourteen (14) days prior to the Status Conference.

Dated: March 1, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge